**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3176
_____

GABRIEL ROSA-DIAZ,
                                    Appellant

v.

JOHN RIVELLO, Deputy Superintendent Facility Management;
J. LUTHER, Facility Manager;
C. WAKEFIELD, Deputy Superintendent Centralize Services;
B. FISHER, Unit Manager; C. GARMAN, C.C.P.M.;
YODER, Correctional Officer; MOORE, Lieutenant;
MCGRATH, Lieutenant; VAUGHN; JOHN E. WETZEL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-01914)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 10, 2024
Before:  KRAUSE, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 4, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Gabriel Rosa-Diaz appeals from the District Court's judgment in his prison civil rights action. We will affirm the District Court's judgment.

I.

Rosa-Diaz's operative third amended complaint raised many claims against officials based on his incarceration in SCI Smithfield's Behavior Management Unit (BMU) program from January 17, 2018, until he was transferred to SCI Forest's BMU program on March 17, 2021. He primarily alleged that the defendants (1) repeatedly took his personal property and distributed it to other inmates housed in the BMU who, unlike Rosa-Diaz, were willing to inform on other inmates; (2) failed to promote him to less restrictive "phases" of BMU confinement or send him back to the general inmate population; and (3) seized all of his legal documents related to his open pro se lawsuit and refused to return them for one to two months.[1] He alleged that these actions violated his Fourteenth Amendment rights to due process and equal protection, his Eighth Amendment right to freedom from cruel and unusual punishment, and his right to be free from retaliation against his exercise of his First Amendment rights to file grievances and litigate civil actions against prison officials. He additionally asserted that the defendants engaged in civil conspiracy in violation of 42 U.S.C. §§ 1983 and 1985(3).

The Magistrate Judge recommended the dismissal of most of Rosa-Diaz's claims, the District Court adopted those recommendations, and Rosa-Diaz repeatedly amended

---

[1] The pending lawsuit was Rosa-Diaz v. Harry, No. 1:17-cv-02215. It alleged poor conditions of solitary confinement at Rosa-Diaz's prior institution, SCI Camp Hill, and it did not involve any employees of SCI Smithfield's BMU. The case ultimately settled.

his complaint. Ultimately, discovery was allowed on the narrow issue of whether two defendants—BMU staff members Fisher and Miller—impermissibly retaliated against Rosa-Diaz's exercise of his First Amendment rights by seizing his legal documents. The District Court adopted the Magistrate Judge's recommendation to grant the defendants' motion for summary judgment on this issue. Rosa-Diaz timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's decisions to sua sponte dismiss a claim under 28 U.S.C. § 1915(e), grant a motion to dismiss for failure to state a claim, and grant a motion for summary judgment. See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020); St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020); Anglemeyer v. Ammons, 92 F.4th 184, 188 (3d Cir. 2024). We may affirm the District Court's judgment on any basis supported by the record. See Hildebrand v. Allegheny County, 757 F.3d 99, 104 (3d Cir. 2014).

## III.

Rosa-Diaz's primary assertion on appeal is that the District Court erred by entering judgment in the defendants' favor on his First Amendment retaliation claim based on the seizure of his legal documents for Rosa-Diaz v. Henry. Specifically, he argues that the District Court impermissibly made credibility determinations and skewed factual inferences in the defendants' favor.

An incarcerated plaintiff proves a First Amendment retaliation claim by showing that (1) he engaged in constitutionally protected conduct, (2) prison officials caused him

3

to suffer an adverse action, and (3) the constitutionally protected conduct was a substantial or motivating factor in the decision to take that adverse action. See Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). Summary judgment is appropriate only if the moving party shows that there is no genuine dispute as to any material fact and that that party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Crediting all of Rosa-Diaz's evidence and drawing all justifiable inferences in his favor, Rosa-Diaz showed that there were material factual disputes regarding the first and third elements of his First Amendment retaliation claim: It was undisputed that Rosa-Diaz engaged in constitutionally protected conduct by litigating Rosa-Diaz v. Harry, and unlike the Magistrate Judge, we conclude that reasonable factfinders could have found that Rosa-Diaz's behavior as a serial pro se litigant motivated the defendants' seizure of his legal documents.[2]

However, the confiscation of Rosa-Diaz's documents did not constitute an "adverse action." An adverse action is conduct "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (alteration in original) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). Here, Rosa-Diaz repeatedly conceded that the seizure inflicted no concrete

---

[2] The Magistrate Judge incorrectly reasoned that Rosa-Diaz failed to present evidence of a material factual dispute as to causation. The Magistrate Judge did not consider Rosa-Diaz's allegations in a sworn affidavit and in his deposition that on January 4, 2019, Rosa-Diaz overheard Fisher say to Moore that Rosa-Diaz was "causing a headache" in Rosa-Diaz v. Harry, and "[m]ake sure that you take them legal papers out of his cell."

harm,[3] and argued only that the seizure of his work product could have given the defendants an unfair litigation advantage. But the mere possibility that an opposing party *might* attain a litigation advantage would not deter a reasonably firm person from continuing the litigation. Significantly, Rosa-Diaz never identified any specific litigation advantage that the defendants might have attained by reviewing his legal file, and we cannot independently identify any obvious harm based on the public docket activity during the alleged timeframe of the seizure. Consequently, no reasonable factfinder could determine based on this limited record that the seizure had the chilling or deterrent impact that could make it an adverse action.[4]

IV.

Rosa-Diaz has forfeited our review of his remaining issues on appeal, because he has not adequately briefed them. See Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is well settled that a passing reference to an issue will not suffice to bring that issue before this court."); Barna v. Bd. Of Sch. Dirs. Of Panther Valley Sch. Dist., 877 F.3d

---

[3] In his brief opposing the defendants' motion for summary judgment, Rosa-Diaz stated that he "was able to settle [the underlying lawsuit] and did not suffer an injury as the result of the Defendants' actions." See ECF No. 106 at 2. Likewise, Rosa-Diaz admitted in his deposition that he "was not really injured" by the seizure, but maintained that opposing counsel "was in a better position to advance her case against" him. See ECF No. 101-2 at 11.

[4] We disagree with the Magistrate Judge's characterization of the alleged seizure— a one-to-two-month seizure of all of a pro se prisoner's legal materials for an open case in discovery proceedings—as merely a de minimis harm. There are circumstances in which this sort of seizure might deter "a person of ordinary firmness" from participating in litigation against prison officials. But based on the particular facts of this case, Rosa-Diaz did not suffer an adverse action.

136, 145 (3d Cir. 2017) ("To be preserved, all arguments must be supported specifically by 'the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'") (quoting Fed. R. App. P. 28(a)(8)(A)); <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 244-45 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). Rosa-Diaz's opening brief includes a long statement of facts and an appendix, but it has no argument supporting his vague assertions that the District Court erred in dismissing his additional claims.

Consequently, we will affirm the District Court's judgment.